HYLAND and another, Appellants, vs. GCA TRACTOR & EQUIPMENT COMPANY, Respondent.

*January 8—February 5, 1957.*

For the appellants there were briefs by *William A. Ritchay* and *Charlton, Yanisch & Binzak,* attorneys, and *Earl A. Charlton* of counsel, all of Milwaukee, and oral argument by *Mr. Earl A. Charlton* and *Mr. Ritchay.*

For the respondent there was a brief by *Marshutz, Hoffman & Hallows,* attorneys, and *Alexander Cannon, Martin A. McLaughlin,* and *Ellis R. Herbon* of counsel, all of Milwaukee, and oral argument by *Mr. Herbon.*

Brown, J. Plaintiffs rely on sec. 121.15 (1), Stats., which provides:

"Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods

are required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for such purpose."

Questions (1) and (2) of the special verdict are designed to bring the transaction within the scope of this statute and to impose on defendant an implied warranty of fitness. Questions (3) and (4) are designed to determine a breach of that warranty with resultant damage. The evidence supports the jury's answers to the questions. However, upon motions after verdict the trial court determined that the case should never have been submitted to the jury and granted judgment dismissing the complaint notwithstanding the verdict. Did this constitute error?

Plaintiffs' amended complaint contained the following allegations:

"4. That on or about April 30, 1953, the defendant, GCA Tractor & Equipment Company, a retail dealer of excavating equipment manufactured by the defendant Little Giant Crane & Shovel, Inc., sold to the plaintiff, as new, the following:
"Little Giant Crawler Crane Model 'SC,' Serial No. SC 538, with M & M Power Unit Model 283–4A, Serial No. 02301189, and
"½ yd #2 Shovel attachment with Pettibone Mulliken Bucket.

"That said purchase was evidenced by a lease and conditional sales contract, a photostat of a true copy of said documents being attached hereto and incorporated herein by reference.
"5. That the defendant, GCA Tractor & Equipment Company, did hold itself out and represented itself to be the authorized dealer of said equipment and impliedly warranted said machine as a new machine and in the condition that a new machine would be in; and it further warranted the quality and fitness of said machine for the particular purpose to which the crane was to be used by the plaintiffs. That said warranty existed pursuant to section 121.15 of the 1953 Wisconsin statutes."

In response thereto defendant's answer stated:

"1. Admits the allegations contained in paragraphs 1, 2, 3, and 4 of the amended complaint.

"2. Answering paragraph 5, defendant denies that this defendant made any representations or warranties to the plaintiffs of any kind or nature, express or by implication; and denies that any warranty of any kind was implied or existed by virtue of any statute."

In addition to sec. 121.15 (1), Stats., upon which plaintiffs depend, ch. 121, Stats., the Uniform Sales Act, contains sec. 121.71, providing:

"Where the right, duty, or liability would arise under a contract to sell or a sale by implication of law, it may be negatived or varied by express agreement or by the course of dealing between the parties, or by custom, if the custom be such as to bind both parties to the contract or the sale."

The lease and conditional sales agreement so made a part of plaintiffs' complaint and admitted by the answer contain, in our opinion, express agreements which negative the implied warranties upon which plaintiffs' cause of action depends. The lease recites:

"The lessee [plaintiffs] takes and accepts the leased property in its present 'as is' condition and state of repair."

And, further on,

"No representation, agreement, or warranty with respect to the equipment described herein has been made or is to be implied, except that the lessor [defendant] is the owner thereof and such as may be noted and signed by the lessor on the reverse side hereof [no such notations]. It is expressly agreed that the lessor shall not be liable to any person for consequential damages of any kind or nature from any cause whatsoever arising out of this agreement."

The conditional sales contract contained the provision: "No oral agreement, guaranty, representation, or warranty shall bind you [defendant] or your assigns."

Plaintiffs also incorporated in the complaint a "manufacturer's warranty" which their complaint alleged defendant had adopted as its own. The answer denied such adoption and the proof respecting it is not clear but an adoption would not benefit plaintiffs for the warranty is only against defects of workmanship or material for ninety days from the date of the original retail sale during which time the manufacturer agrees to repair or replace defective parts. Defendant did make such repairs and replacements with one exception which was handled directly by the manufacturer. Moreover, the manufacturer's warranty, whether adopted by defendant or not, recites:

"Our obligation under this warranty is exclusively limited to replacement or repair of defective part or parts of our manufacture, as above provided, . . .
*"This warranty is in lieu of all other warranties expressed or implied, . . ."* (Emphasis ours.)

Plaintiffs' reply brief submits that defendant has raised the issue of disclaimers of implied warranties for the first time on appeal and that defense should not be considered at this stage of the proceedings; also that it is an affirmative defense and should have been pleaded. They state they had no opportunity to meet this issue at the trial.

Plaintiffs, themselves, pleaded that the sale was evidenced by the lease and conditional sale contract. If this is not an allegation that the sale was pursuant to the terms of those documents we see no purpose or meaning in the allegation. The answer admitted the allegation and expressly denied that a warranty had arisen by implication under the statute pleaded by plaintiffs or otherwise. Plaintiffs' first witness was a former officer of defendant corporation, called adversely. He was required to identify the lease and the conditional sale contract, then introduced as plaintiffs' Exhibit 3. Plaintiffs' counsel then put questions to him concerning oral

statements he was alleged to have made to plaintiffs. Defendant's attorney, Mr. Cannon, objected to such questions stating:

"Reading from the conditional sales contract, as a complete paragraph, 'No oral agreement, guaranty, representation, or warranty shall bind you or your assigns.'

"The lease agreement specifically recites: 'No representation, agreement, or warranty with respect to the equipment described herein has been made or is to be implied, except that the lessor is the owner thereof. . . .' The objection is based on the ground. . . .

"The Court: The contract speaks for itself.

"Mr. Cannon: The contracts speak for themselves and may not be varied by parol."

The issue to which plaintiffs now object was thus raised at the very outset of the trial. At that time they did not contend that the disclaimers of warranties were insufficiently pleaded and so were not within the issues to be tried. If in fact the answer did not raise the issue plaintiffs waived the objection. Their present contention that they had no opportunity at the trial to meet it is disproved by the record.

The power shovel in question was sold under its patent or trade name and the trial court considered that sec. 121.15 (4), Stats., was applicable and excluded the implied warranties on which plaintiffs' cause of action depends. Sub. (4) reads:

"In the case of a contract to sell or a sale of a specified article under its patent or other trade name, there is no implied warranty as to its fitness for any particular purpose."

We are inclined to think that the defects to which the machine was subject were defects in the quality of the individual article and not of its generic fitness for excavating home basements and, hence, this subsection does not in itself bar plaintiffs' action; but, since *all* implied warranties were expressly negatived by the agreements of the parties,

594

determination of the extent and effect of sub. (4) under the circumstances is unnecessary. We reach no conclusion of the effect which sec. 121.15 (4), Stats., would have upon the transaction in the absence of the documents by which, as plaintiffs alleged, the sale was evidenced. The express refusal to warrant contained in those papers defeats an action which depends on warranties being breached. The determination of the trial court on motions after verdict that defendant's motion for a directed verdict should have been granted was correct and its judgment dismissing the complaint was proper.

*By the Court.*—Judgment affirmed.